**FLORIDA GAS TRANSMISSION COM-
PANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION,
Respondent (two cases).**

**FLORIDA PUBLIC UTILITIES COMMIS-
SION, Petitioner,**

v.

**FEDERAL POWER COMMISSION,
Respondent.**

**Nos. 21957, 22089 and 21964.**

United States Court of Appeals
Fifth Circuit.

March 5, 1968.

———◆———

Abe Fortas, Washington, D. C., for petitioner in No. 22089.

Leon M. Payne, Houston, Tex., for petitioner in Nos. 22089, 21957 and 21964.

Robert Y. Patterson, Jr., Winter Park, Fla., for petitioner in Nos. 22089 and 21957.

Robert M. Scott, Washington, D. C., for petitioner in No. 21957.

Lewis W. Pettaway, Tallahassee, Fla., for petitioner in No. 21964.

Peter Schiff, Solicitor, Richard A. Solomon, Gen. Counsel, Josephine M. Klein, Atty., F. P. C., Washington, D. C., for respondent.

Before JONES, WISDOM and GEWIN, Circuit Judges.

PER CURIAM.

Upon consideration of the petition for rehearing filed herein by the Federal Power Commission, it is ordered that said petition be, and the same is hereby denied, except that rehearing is hereby granted only to the limited extent of a reconsideration of the issue of whether federal income taxes which a gas transmission company would have paid, but for a consolidated return, are properly to be included in the "cost-of-service" during rate determinations. In light of the decision of the Supreme Court in the case of Federal Power Commission v. United Gas Pipe Line Company, 386 U.S. 237, 87 S.Ct. 1003, 18 L.Ed.2d 18 (1967), and this Court's decision in the same case on remand, United Gas Pipe Line Company v. Federal Power Commission, 388 F.2d 385 (January 10, 1968), we now hold that the Commission's refusal in this case to consider those taxes which would have been paid had separate returns been filed was not erroneous or contrary to its statutory authority. In this case no income tax payments were actually made for the years involved. Federal Power Commission v. United Gas Pipe Line Co., supra, 386 U.S. at page 245, 87 S.Ct. at page 1008, 18 L.Ed.2d at page 25.

Petition for rehearing granted in part and in part denied.