## FEDERAL POWER COMMISSION *v.* UNITED GAS PIPE LINE CO.

No. 247. Decided October 21, 1968.*

*Solicitor General Griswold, Harris Weinstein, Richard A. Solomon,* and *Peter H. Schiff* for petitioner in No. 247. *Reuben Goldberg* and *George E. Morrow* for petitioner in No. 248.

*David T. Searls* and *Vernon W. Woods* for respondent in both cases.

PER CURIAM.

When these cases were here the first time, we sustained the authority of the Federal Power Commission to determine the tax component of United's cost of service in

---

*Together with No. 248, *Memphis Light, Gas & Water Division* v. *United Gas Pipe Line Co.,* also on petition for writ of certiorari to the same court.

accordance with the formula developed by it in *Cities Service Gas Co.,* 30 F. P. C. 158 (1963), but remanded the cases with respect to whether in applying the *Cities Service* formula it was significant that United apparently had both jurisdictional and nonjurisdictional activities and income. *FPC* v. *United Gas Pipe Line Co.,* 386 U. S. 237 (1967). Over the objections of the Commission, the Court of Appeals held that the issue had been sufficiently raised by United in its petition for rehearing before the Commission in accordance with § 19 of the Natural Gas Act, 52 Stat. 831, as amended, 15 U. S. C. § 717r, and that the *Cities Service* formula required that consolidated return tax savings coming to United be first allocated to United's nonjurisdictional income.

The petitions for certiorari are granted and the judgment of the Court of Appeals is reversed.† Although we acquiesce in the Court of Appeals' construction of United's petition for rehearing filed with the Commission, the issue on remand was not in the proper posture for final determination by the Court of Appeals and should have been remanded to the Commission for further consideration. It is true that the Commission in its opinion had remarked that "United is largely a regulated company, and we shall designate it as such for the purpose of these computations." *United Gas Pipe Line Co.,* 31 F. P. C. 1180, 1190 (1964). But the Commission made no effort to justify this characterization of United in terms of the findings, the fundamentals of the *Cities Service* formula, or the applicable law. This may have been because the adversary proceedings were primarily concerned with the validity of the formula itself and never focused precisely on the question of intra-company revenue and cost allocation. Whatever the reason, there was "no indication of the basis on which the Commission exercised its expert

† The motion for leave to use the record in the prior proceedings before this Court, Nos. 127 and 128, October Term, 1966, is granted.

discretion," no articulation of "any rational connection between the facts found and the choice made." *Burlington Truck Lines, Inc.* v. *United States,* 371 U. S. 156, 167, 168 (1962). On this issue the Commission's order was vulnerable on rehearing and in the Court of Appeals.

But it does not follow that the Court of Appeals, in the face of the Commission's insistence that its decision was wholly consistent with its *Cities Service* formula, should have itself determined that consolidated return savings be first allocated to nonjurisdictional income and that "income from the unregulated component of United is sufficiently large to absorb all such net tax losses and no excess remains to reduce the regulated taxable income of United." *United Gas Pipe Line Co.* v. *FPC,* 388 F. 2d 385, 391–392 (C. A. 5th Cir. 1968) (footnote omitted). These questions should have had adequate attention from the Commission in the first instance before being subjected to judicial review. Before the courts can properly review agency action, the agency must disclose the basis of its order and "give clear indication that it has exercised the discretion with which Congress has empowered it," *Phelps Dodge Corp.* v. *NLRB,* 313 U. S. 177, 197 (1941); otherwise the courts are propelled "into the domain which Congress has set aside exclusively for the administrative agency." *SEC* v. *Chenery Corp.,* 332 U. S. 194, 196 (1947). The judgment of the Court of Appeals is reversed and the cases are remanded with instructions to return the cases to the Commission for further proceedings.

*It is so ordered.*

MR. JUSTICE FORTAS and MR. JUSTICE MARSHALL took no part in the consideration or decision of these cases.