## LOUISIANA POWER & LIGHT COMPANY, Petitioner,

v.

## FEDERAL POWER COMMISSION, Respondent.

### No. 74–2091.

United States Court of Appeals, Fifth Circuit.

Jan. 23, 1975.

Andrew P. Carter, H. Sloan McCloskey, William T. Tete, New Orleans, La., for petitioner.

Ronald L. Kuehn, Jr., Walter M. Starke, Birmingham, Ala., for Southern Natural Gas Co.

Joseph M. Wells, Paul E. Goldstein, Paul W. Mallory, Chicago, Ill., for Natural Gas Pipeline Co. of America.

Platt W. Davis, III, Washington, D. C., J. Evans Attwell, Jack D. Head, Houston, Tex., for Texas Eastern Transm.

Arnold D. Berkeley, David R. Straus, Washington, D. C., for St. of La., La. Municipal Assoc. & Ph. of Cameron.

Christopher T. Boland, John F. Harrington, Washington, D. C., for Texas Gas Transmission Corp.

Harold L. Talisman, Washington, D. C., A. S. Lacy, Birmingham, Ala., for Ala. Gas Corp.

Jefferson D. Giller, David Claflin, Houston, Tex., for Entex, Inc.

Wm. W. Bedwell, John J. Mullally, Washington, D. C., James H. Wuller, St. Louis, Mo., for Miss. River Transmission.

Edward J. Grenier, Jr., Richard P. Noland, Floyd I. Robinson, Washington, D. C., for General Motors Corp.

Leo E. Forquer, Gen. Counsel, George W. McHenry, Jr., Acting Sol., Washington, D. C., for respondent.

William B. Cassin, Lorne D. Bain, Houston, Tex., W. DeVier Pierson, Ross F. Hamachek, Washington, D. C., for United Gas Pipe Line Co.

Before BELL, CLARK and RONEY, Circuit Judges.

BY THE COURT:

The Court hereby orders that the record in this case be remanded to the Federal Power Commission for consideration of the merits of Louisiana Power & Light Company's contentions in conjunction with the consideration of United Gas Pipe Line Company's curtailment plans, policies and practices directed by this Court in Louisiana v. FPC, 503 F.2d 844 (5th Cir. 1974). If LP&L is dissatisfied with the FPC's decision after remand, it will be free to seek appropriate review from the FPC and the Court of Appeals under the provisions of section 19(b) of the Natural Gas Act.

LP&L's petition for review by this Court seeks to present us an issue in an unusual posture. The sequence of material events is as follows:

1. On January 12, 1973, FPC entered an Order and Opinion No. 647 which resulted in all of the gas used by LP&L to generate electricity being placed in the lowest priority category of United's interim gas curtailment plan. Gas ultimately used by domestic customers was given highest priority. LP&L did not seek a rehearing of this decision, although others did and appealed to the court from a denial of rehearing. Louisiana v. FPC, 503 F.2d 844 (5th Cir. 1974).

2. Subsequent events led LP&L to question United's allocation to its resale customers under the interim plan. LP&L asserted that interruptible industrial users, with no more than equal priority to LP&L, were, in fact, receiving gas under a higher priority by buying from United's resale customers, which obtained such gas under the higher domestic priority. This situation led LP&L to file a motion with FPC on November 29, 1973, basically seeking to have FPC examine the facts underlying United's allocation plan and if necessary, order United to "cease from not following the plan".

3. On December 29, 1973, LP&L's motion was denied by operation of law, FPC not having acted on the motion within thirty (30) days.

4. On January 8, 1974, LP&L sought a rehearing of the denial of its motion of November 29.

5. FPC denied the motion for rehearing on February 27, 1974, stating that it considered LP&L's motion an attempt to attack the FPC Opinion No. 647 collaterally, and FPC would not consider the merits presented in that manner, where a proper petition for rehearing of Opinion 647 had not been filed.

6. On April 26, 1974, LP&L filed in this Court a petition for review of the February 27th denial of rehearing.

7. On August 2, 1974, FPC filed a motion in this Court to dismiss LP&L's petition as an unauthorized collateral attack on its Opinion 647. The motion to dismiss has been carried with the case by order of this Court.

8. On November 8, 1974, this Court issued its decision in Louisiana v. FPC, 503 F.2d 844 (5th Cir. 1974), which remanded Opinions 647 and 647A to the FPC for further proceedings.

9. On November 25, 1974, FPC filed the instant motion for remand of the record to it for reconsideration of the merits of LP&L's contentions along with the rest of the issues directed to be reconsidered by Louisiana v. FPC. This

motion was supported by United and opposed by LP&L and the State of Louisiana and its allied intervenors.

Were this Court to refuse the remand, as LP&L requests, and proceed with the case, it would not reach the merits of LP&L's claim. Instead our review would be limited to one question: was the FPC correct in refusing to consider the merits of LP&L's motion on the basis that such motion was an attempt to attack FPC Opinion 647 collaterally. Were we to decide that FPC was correct, we would merely affirm its decision not to consider the merits of LP&L's claim. On the other hand, were we to decide FPC should have considered the merits, we would remand the entire matter to FPC with directions that it consider the merits of LP&L's motion. We would at that time not consider the merits of LP&L's claim. *See, e.g.,* FPC v. United Gas Pipe Line Co., 393 U.S. 71, 89 S.Ct. 55, 21 L.Ed.2d 55 (1968); *cf.* J. M. Huber Corp. v. Denman, 367 F.2d 104, 111–121 (5th Cir. 1967). There would not be sufficient record before us, even if we were inclined to rule on its claim before the FPC had done so. Such being the case, the most relief that LP&L could receive is a remand for consideration of the merits of its claim, and this is precisely what FPC has requested that it be allowed to do.

We view an immediate remand as in the best interest of all intervenors even those who feel "justice delayed is justice denied" as to them because of the anticipated winter natural gas shortages. We are giving the only justice these intervenors could receive at this time from this Court faster than they would receive it if we fully considered LP&L's petition.

Therefore, it is ordered that the previous action of FPC concerning LP&L's motion is vacated and the record in this case is remanded to FPC, with direction that LP&L be allowed to present the merits of its contentions regarding United's alleged illegal activity for initial consideration by FPC.

Remanded with direction.